UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Jerry Lee Holstad,

Petitioner,

vs. REPORT AND RECOMMENDATION

Brown County Sheriff,
Scott County Sheriff,
Scott County District
Court, State of Minnesota,

Respondents. Civ. No. 00-1922 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 10th day of October, 2000.

* * *

On August 14, 2000, the Petitioner filed a Petition for a Writ of Habeas Corpus which claimed that he was being illegally detained by the Respondents for reasons which are violative of his rights under the Constitution, laws or treaties of the United States. Specifically, the Petitioner claimed that his detention, at the Brown County Detention Center, for operating an automobile without a valid driver's license, and without proof of insurance, was illegal, because:

> At the time he was apprehended * * * [the Petitioner] produced for the arresting officer

5

OCT 10 2000
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> a copy of documents certified by Apostille.[1] These certified documents clearly show that [the Petitioner] has expatriated from the United States * * *. The Apostille papers themselves constitute proof that he is not subject to the jurisdiction of any court operating for any corporate entity of THE STATE OF MINNESOTA.

Petition for Writ of Habeas Corpus, at 1.

Following the receipt of the Petitioner's Petition, the Court directed him to refile an amended Petition, that substantially complied with the form Petition provided by the Clerk of Court. See, Order dated September 1, 2000. This direction was compelled by the Petitioner's submission of a Petition which contained numerous deficiencies, including the failure to clearly state the specific grounds for relief that were raised in his Habeas Petition. Id.

Pursuant to the Court's directive, the Clerk of Court mailed copies of the Court's Order, to the Petitioner, at his place of incarceration. Subsequently, however, this Order was returned, marked "Return to Sender," as the Petitioner was no longer incarcerated, and prison officials were unable to determine the Petitioner's place of residence, or his mailing address. Further, the Petitioner has failed to provide the Clerk of Court with an address to which Court papers can be mailed to him.

---

[1]The term "Apostille" was not defined by the Petitioner, and is not contained within the Merriam-Webster Dictionary.

Turning to the substance of the Petitioner's action, a cursory review of his Petition reveals numerous procedural and substantive failings, that would prevent the Petitioner from obtaining relief. However, because the Petitioner was released from prison, shortly after his original incarceration, it is apparent that he cannot obtain relief, under Title 28 U.S.C. §2254, and therefore, his Petition should be dismissed, irrespective of the fact that his current location is unknown. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are **'in custody** in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989)(emphasis added), quoting Title 28 U.S.C. §2241(c)(3); see also Title 28 U.S.C. §2254(a); Williams v. Taylor, --- U.S. ---, 120 S.Ct. 1495, 1504 n. 7(2000) (The writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States). In the present case, the Petitioner cannot be located, because of his refusal to provide the Clerk of Courts, or prison officials, with his current whereabouts, and because he is no longer incarcerated. As such, the Petitioner is not entitled to a Writ of Habeas Corpus.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 27, 2000**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 27, 2000**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C.

§636 to review the transcript in order to resolve all of the objections made.